United States Court of Appeals
Fifth Circuit

**F I L E D**

April 28, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-50666
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE CARVER DAVIS, also known as Azania Zaire Nigeria,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-00-CR-232-ALL
--------------------

Before DAVIS, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Willie Carver Davis (Davis) pleaded guilty, conditionally,
to two counts of possession of a firearm by a convicted felon in
violation of 18 U.S.C. § 922(g)(1).  He appeals, challenging the
denial of his pre-trial motion to suppress.

Davis was a passenger on a Greyhound bus that stopped at the
Sierra Blanca immigration checkpoint for a routine inspection.
While one Border Patrol agent boarded the bus to verify the

---

[1]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

citizenship of the passengers, Border Patrol Agent Jade Woodruff (Agent Woodruff) checked the undercarriage luggage compartment of the bus for illegal aliens and narcotics. Agent Woodruff noticed a bag that seemed suspicious to him. He took the bag out of the luggage compartment, boarded the bus, and questioned the passengers about the bag. Davis admitted to ownership of the bag and consented to its being searched. Davis contends that Agent Woodruff's actions constituted a seizure of both his bag and his person in violation of his Fourth Amendment rights and that all the evidence obtained at the immigration checkpoint should be suppressed.

We review the district court's factual findings regarding a motion to suppress for clear error and its legal conclusions de novo. United States v. Shabazz, 993 F.2d 431, 434 (5th Cir. 1993). "The evidence is viewed most favorably to the party prevailing below, except where such a view is inconsistent with the trial court's findings or is clearly erroneous considering the evidence as a whole." Id.

Border Patrol agents may do more than check citizenship or immigration status at an immigration checkpoint, as long as the additional activity does not lengthen the stop beyond the duration required to accomplish its primary purpose. See United States v. Machuca-Barrera, 261 F.3d 425, 432 and n.21 (5th Cir. 2001). In particular, government officials may question passengers at an immigration checkpoint about matters not

directly related to citizenship, as long as the questions do not prolong the permissible duration of the stop, and "in sum they generally relate to determining citizenship status." Id. at 433.

"A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." United States v. Jacobsen, 466 U.S. 109, 113 (1984) (footnote omitted). Davis has failed to show that Agent Woodruff's handling of his bag frustrated his "expectation that the carrier would transport the bags to [his] destination for him to reclaim when he arrived," or that Agent Woodruff interfered with his travel plans. United States v. Lovell, 849 F.2d 910, 916 (5th Cir. 1988). Further, Davis does not contend that Agent Woodruff extended the length of the immigration checkpoint stop beyond its permissible duration. Therefore, the district court did not err when it determined that Agent Woodruff had not seized Davis's bag for constitutional purposes. See id. Moreover, like the brief questioning held permissible in Machuca-Barrera, Agent Woodruff's brief questioning, which did not extend the length of the stop, did not constitute a seizure under the Fourth Amendment. See Machuca-Barrera, 261 F.3d at 435.

In addition, Davis has conceded that his consent to the search of his bag was voluntary; therefore, the district court did not err in determining that the search of Davis's bag did not violate his Fourth Amendment rights. See id. at 435 n.33; Shabazz, 993 F.2d 431, 438-39.

3

Once Davis gave valid consent to the search of his bag, Agent Woodruff did not require any other justification for prolonging the stop.  See <u>Machuca-Barrera</u>, 261 F.3d at 435. Moreover, once Agent Woodruff found a loaded gun in Davis's bag, he had the requisite reasonable suspicion to detain Davis and his bag to check on the gun's registration.  See <u>Shabazz</u>, 993 F.2d at 437.

Thus, viewing the evidence in the light most favorable to the Government, there is no clear error in the district court's factual findings; nor has a <u>de novo</u> review of its legal conclusions revealed error.  <u>Id.</u> at 434.  Accordingly, the judgment of the district court is hereby

AFFIRMED.